# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### Greenville Division

| | |
|---|---|
| American Humanist Association, John Doe and Jane Doe as parents and next friends of their minor child, and Jill Doe,<br><br>      *Plaintiffs*,<br><br>~ *vs.* ~<br><br>Greenville County School District, Burke Royster, in his individual capacity, and Jennifer Gibson, in her individual capacity,<br><br>      *Defendants*. | CA No. 6:13-cv-02471-GRA<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND LEAVE TO FILE TRUE IDENTITY UNDER SEAL** |

  The Plaintiffs, John Doe, Jane Doe and Jill Doe, have brought the above-captioned action pursuant to 42 U.S.C. § 1983 to vindicate their rights under the Establishment Clause of the First Amendment. John and Jane Doe are the parents of Jill Doe, who was a fifth grade student at Mountain View Elementary School (the "School") in the past school year. The Plaintiffs' safety, emotional wellbeing and privacy rights will be threatened if they cannot proceed anonymously.

  The purpose of this motion (the "Motion") is to protect the Plaintiffs from physical harm, harassment, bullying, and social stigma that would attach to their being publicly identified as the plaintiffs in this highly sensitive case involving separation of church and state. Questions touching on the public role of religion, and in particular Christianity and its favored status, stir up significant emotional passions when they are raised, as here. This Motion also seeks to prevent the encroachment on the Plaintiffs' privacy that would necessarily result with the permanency of the lawsuit's record.

  The decision "whether to permit parties to proceed anonymously" is a matter of "trial court discretion." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). See also *Heather K. v. City*

*of Mallard*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (same). In exercising this discretion, the courts look to the following four factors (the presence of even one can suffice, depending on the circumstances): "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy,'" *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *James v. Jacobson*, 6 F.3d 233, 238-239 (4th Cir. 1993); (3) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party;" *id.,* (4) "whether the plaintiffs are children;" *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *James*, 6 F.3d at 238-239;  and (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* See also *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (listing factors). Each of these factors weighs heavily in the Plaintiffs' favor.

First, the Plaintiffs are clearly challenging governmental action. As mentioned above, this is a primary factor for granting a motion to proceed anonymously.

Second, the suit will compel the plaintiffs to disclose private information about their minority religious beliefs. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (in granting school children and parents' motions to proceed anonymously in Establishment Clause case, the court "emphasize[d] the special status and vulnerability of the child-litigants, the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes, and the fundamental privateness of the religious beliefs, all of which are at the core of this suit to vindicate establishment clause rights."). The Does disclose in their Verified Complaint that they are atheists and object to the School's promotion of religion and Christianity specifically. Given

the "fundamental privateness of [] religious beliefs," *id.* this second weighs strongly in favor of granting the Motion.

Third, this "suit - challenging a government activity - forces Plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (parents and non-profit organization seeking to enjoin teaching of Bible in public schools were allowed to bring suit pseudonymously because parents were forced to reveal beliefs about religion in court that could subject them to harassment, and because case brought on behalf of very young children, to whom heightened protection is granted). The courts often allow plaintiffs to proceed anonymously where, as here, there is a need to shelter the plaintiffs from "social stigmatization, [or] real danger of physical harm." *Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D. Miss. 1987).  See e.g., *Stegall*, 653 F.2d at 184-186 (anonymity warranted to protect plaintiffs against risk of violence from revelation of unpopular personal beliefs in Establishment Clause case against school); *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127 (E.D. Wis. 1999) (plaintiff's HIV-positive status was a "compelling reason" to allow him to proceed under a pseudonym because of the potential personal embarrassment, ostracism, harassment and discrimination which might result from disclosure of that status); *Candy H. v. Redemption Ranch,* 563 F. Supp. 505 (M.D. Ala. 1983) (anonymity allowed in suit by pregnant 19-year old alleging fraudulent inducement to enter defendant's Home for Girls); *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D. N.Y. 1988) (anonymity allowed because of sensitive privacy and retaliation concerns in suit by homosexual against insurance company alleging discriminatory practices). For instance in *Stegall*, the Fifth Circuit granted the school children's motion to proceed anonymously because

they were suing their school in an Establishment Clause case and there was a strong likelihood, as a result of their challenging the school's promotion of religion, that the students would face harassment and violence if the motion was denied. 653 F.2d at 186. In so ruling, the court explained:

> The Does clearly challenge governmental activity . . . . Here, the Does complain of public manifestations of religious belief; religion is perhaps the quintessentially private matter. Although they do not confess either illegal acts or purposes, the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior. Evidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a Rankin County community hostile to the viewpoint reflected in plaintiffs' complaint. . . . [T]he threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining the Does' anonymity, tip the balance against the customary practice of judicial openness.

*Id.* In this case as in *Stegall*, the Plaintiffs are challenging their school's promotion of Christianity, the religion shared by the overwhelming majority of their classmates and others in the community. In light of the passions aroused by issues touching upon religion and its role in public life, Jill Doe is especially likely to face harassment and bullying from students at her school if her name is released.

Indeed, courts in Establishment Clause cases routinely allow public school students to proceed anonymously for this reason. See e.g., *Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 843 (7th Cir. 2012); *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004); *Doe v. Sch. Bd.*, 274 F.3d 289 (5th Cir. 2001) (statute authorizing verbal prayer in classrooms violated Establishment Clause); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 809 (5th Cir. 1999) ("The plaintiffs in this action . . . are several children currently or formerly enrolled in SFISD schools and their parents. In light of the sensitive nature of the action, they have been allowed to proceed anonymously."); *Doe v.*

4

*Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 166 (5th Cir. 1993) (parents of student were allowed to proceed anonymously in Establishment Clause case against school); *Stegall*, 653 F.2d at 186; *Doe v. Wilson Cty. Sch.*, 564 F. Supp. 2d 766, 771 (M.D. Tenn. 2008) (same); *Doe v. Gossage*, 2006 U.S. Dist. LEXIS 34613, *2 (W.D. Ky. 2006) (allowing parent to proceed anonymously in Establishment Clause case seeking to enjoin the school from allowing prayer at the graduation); *Doe v. Barrow County*, 219 F.R.D. 189, 192 (N.D. Ga. 2003) (plaintiff was permitted to proceed anonymously in an action challenging the display of the Ten Commandments at a county courthouse); *Doe v. Aldine Indep. Sch. Dist.*, 563 F. Supp. 883 (S.D. Tex. 1982) (parent and student permitted to proceed anonymously in challenging their school's prayer practice under Establishment Clause). The interest in privacy extends not only to students themselves, but also to their parents, whose identities are of course tied to that of their children.  See e.g. *Doe v. Harlan County School Dist.*, 96 F. Supp. 2d 667 (E.D. Ky. 2000) (parents of child who attended a middle school were permitted to proceed pseudonymously in challenging the school district's practice of hanging the Ten Commandments in classrooms; the anonymity would not adversely affect defendants, plaintiffs were challenging governmental activity, child plaintiff was involved, and humiliation and harassment of plaintiffs was possible if their identities were disclosed) and *Doe v. S. Iron R-1 Sch. Dist.*, 453 F. Supp. 2d 1093 (E.D. Mo. 2006). Accordingly, the third factor alone provides a sufficiently compelling interest for granting the Plaintiffs' Motion.

The fourth factor also tips strongly in favor of granting the Motion, as this case involves a child plaintiff, which is an "especially persuasive" factor in determining whether to grant a motion to proceed anonymously. *Stegall*, 653 F.2d at 186.  The "gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of

the special vulnerability of [this] child-plaintiff[]." *Id.* The youth of Jill Doe is "a significant factor in the matrix of considerations arguing for anonymity here." *Id.* See also *James*, 6 F.3d at 241 (parents were able to proceed anonymously in order to protect their minor children from the emotional trauma that could arise from public disclosure of their identities).

Finally, allowing the Plaintiffs to proceed anonymously will not prejudice the Defendants. As the case progresses, all parties will have full discovery rights and will only be minimally inconvenienced, if at all, by the restriction that documents containing the true name of the Plaintiffs be filed under seal or redacted. These additional factors weigh in favor of granting this motion. *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y. 1988). Accordingly, the Plaintiffs request that the Court grant this motion and order that they may proceed anonymously and that any court documents revealing the true name of the Plaintiffs be filed under seal.

                                             FOR THE PLAINTIFFS
                                             CAPITOL COUNSEL, LLC:

                                             _____
                                             Aaron J. Kozloski, Esq., Fed. ID No. 9510
                                             Capitol Counsel, LLC
                                             P.O. Box 1996, Lexington, SC 29071
                                             803-465-1400 FAX 888-513-6021
                                             aaron@capitolcounsel.us
                                             *Attorney for the Plaintiffs*

Lexington, South Carolina
September 16, 2013