**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2502

AMERICAN HUMANIST ASSOCIATION; JOHN DOE, as parents and next friends of their minor child; JANE DOE, as parents and next friends of their minor child; JILL DOE,

   Plaintiffs - Appellants,

  v.

GREENVILLE COUNTY SCHOOL DISTRICT,

   Defendant – Appellee,

  and

JENNIFER GIBSON, in her individual capacity; BURKE ROYSTER, in his individual capacity,

   Defendants.

--------------------------

ALLIANCE DEFENDING FREEDOM,

   Amicus Supporting Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge. (6:13-cv-02471-GRA)

Submitted:  April 25, 2014      Decided:  May 16, 2014

Before TRAXLER, Chief Judge, and KEENAN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

———————

Aaron Joel Kozloski, CAPITOL COUNSEL, LLC, Lexington, South Carolina; Monica Lynn Miller, AMERICAN HUMANIST ASSOCIATION, Washington, D.C., for Appellants. Thomas K. Barlow, John M. Reagle, CHILDS & HALLIGAN, P.A., Columbia, South Carolina; R. Douglas Webb, GREENVILLE COUNTY SCHOOL DISTRICT, Greenville, South Carolina, for Appellee. Kevin H. Theriot, Jeremy D. Tedesco, Scottsdale, Arizona; David A. Cortman, J. Matthew Sharp, Rory T. Gray, ALLIANCE DEFENDING FREEDOM, Lawrenceville, Georgia; Matthew G. Gerrald, Columbia, South Carolina, for Amicus Supporting Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Three pseudonymous individuals—Jill Doe, a former fifth-grade student at Mountain View Elementary School (the "School"), and her parents, John and Jane Doe—and the American Humanist Association (AHA) (altogether, "Plaintiffs") sued the Greenville County School District (the "District"), alleging that the District violated 42 U.S.C. § 1983.[1]  Specifically, Plaintiffs contend that the District infringed upon their First Amendment Establishment Clause right by holding the School's graduation ceremony at a religious venue and by incorporating prayer as a part of the official graduation program.[2]  Plaintiffs moved for a preliminary injunction.  Plaintiffs also moved to continue to proceed pseudonymously and to keep their true identities under seal.

I.

After a hearing, the district court denied both motions without written order.  Plaintiffs appeal the denial of both motions and request that this case be reassigned to a different district judge upon remand.

---

[1] Plaintiffs also sued the District's superintendent and the School's principal in their individual capacities but have since dismissed those defendants from the lawsuit.

[2] John and Jane Doe are members of AHA, and AHA brought suit to assert the First Amendment rights of its members.

3

II.

This Court reviews the denial of a motion for a preliminary injunction for an abuse of discretion.  <u>Dewhurst v. Century Aluminum Co.</u>, 649 F.3d 287, 289 (4th Cir. 2011).  "[T]o receive a preliminary injunction, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"  <u>W. Va. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave</u>, 553 F.3d 292, 298 (4th Cir. 2009) (quoting <u>Winter v. Natural Res. Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008)).

Additionally, Rule 52(a)(1) and (2) of the Rules of Civil Procedure provides:

> (a)   Findings and Conclusions.
>
>     (1)  In General.  In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.  The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.  Judgment must be entered under Rule 58.
>
>     (2)  For an Interlocutory Injunction.  In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

4

In denying Plaintiffs' motion for a preliminary injunction, the district court provided no analysis of the law and made no attempt to apply the four factors mentioned above to the facts as alleged in the complaint. Thus, we are constrained to remand the case for reconsideration of the issue. Id. at 242-43. We likewise conclude that in denying the unopposed motion to proceed pseudonymously, the district court erred for the same reason stated above. Accordingly, we vacate the denial of Plaintiffs' motions for a preliminary injunction and to proceed pseudonymously and remand for reconsideration and for the opportunity for the district court to provide an analysis supporting any subsequent rulings.

### III.

Finally, we agree with Plaintiffs that the case be reassigned to a different district judge on remand and so order.

VACATED AND REMANDED