IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| American Humanist Association, John Doe and Joe Doe *as parents and next friends of their minor child,* and Jill Doe, <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Education and Greenville County School District, <br><br> Defendants. | Civil Action No.: 6:13-2471-BHH <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the parties' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiffs filed a motion for summary judgment, on February 4, 2015, (ECF No. 84) and the defendant filed its cross-motion, on March 13, 2015 (ECF No. 89). Both parties responded. (ECF Nos. 92, 93.)

The plaintiffs have challenged two policies of the defendant school district related to its graduation practices, as unconstitutional, and seek to enjoin their continued implementation. First, the plaintiffs contest the defendant's policy, relating to the inclusion of prayer or other religious statement at its graduation ceremonies, as a violation of the Establishment Clause of the First Amendment to the United States Constitution. Second, the plaintiffs contend that the choice of certain schools within the district to use a religious chapel on the campus of North Greenville University is also unconstitutional. Because, the latter issue is of some logistical imperative for the relevant district schools, which use the chapel, and because the dates of such graduations are approaching, the Court would, in

this Order, resolve the chapel claim of the plaintiff and consider the prayer policy of the district, by way of separate order, shortly to follow.

## Background

Jill Doe is the daughter of Jane and John Doe ("Doe Parents"). Jill was a fifth grade student at Mountain View Elementary School ("MVES"), during the 2012-13 school year. (Verified Compl. ¶ 6). The Does are professing humanists and non-theists and members of Plaintiff American Humanist Association *Id*. ¶¶ 8,9.

Since 1951, the defendant has held graduation ceremonies for the MVES fifth grade class every school year. (Gibson Aff. ¶3.) The ceremonies take place during school hours, often in the morning, and last about two hours. *Id*. Since 2012, graduation ceremonies have been held in a Christian chapel on the campus of North Greenville university, called Turner Chapel. *Id*. ¶¶ 6-8. The chapel presents numerous Christian symbols and fixtures in plain sight of attendees, both inside and outside of the chapel. *Id*. ¶8, 11. Jill Doe participated in the graduation at the chapel as a fifth grader, on May 30, 2013. (Verified Compl. ¶¶ 24, 47.) Jill Doe has a younger and older brother, originally students within the district's school system.

## DISCUSSION

On motion for preliminary injunction, it was previously argued that the plaintiffs' chapel policy claim was moot because the Doe children would never again participate in any more graduations at Turner Chapel. In the Report and Recommendation resolving that motion, the Magistrate Judge properly recognized that an exception to the mootness doctrine applied. Even though Jill Doe would not attend another fifth grade end-of-year program as a student, "John and Jill [sic] Doe currently have a fifth grader at the Elementary School and, thus, there is a reasonable expectation the same complaining

party would be subjected to the same action again." (ECF No. 86 at 11.)  In reaching this conclusion, however, the Magistrate, through no fault of her own, was laboring under the misconception that the Doe children were still attending MVES.

It was originally true that Jill Doe attended Blue Ridge Middle School ("BRMS"), a school within the School District, and would have eventually attended Blue Ridge High School ("BRHS").  (Jane Decl. ¶ 3, 4; Verified Compl. ¶ 10.)  The Doe parents also have a son who was previously enrolled in the third grade at MVES and who would have graduated from the fifth grade in 2016-2017.  *Id.* He would have continued on at BRMS and BRHS.

It is undisputed, however, that the plaintiffs no longer live in the attendance areas for MVES, Blue Ridge Middle School, and Blue Ridge High School. (Beltran Aff. ¶ 4.)  Jill Doe has been enrolled at Beck Academy Middle School, since September 2014.  *Id.* Beck Academy feeds matriculating middle schoolers into J.L. Mann High School, Southside High School, and Wade Hampton High School, not Blue Ridge High School.  *Id.*  Jill Doe's youngest brother no longer attends MVES; rather, he has been enrolled at Mauldin Elementary School since September 2014.  (Beltran Aff. ¶¶ 4-5.)  Jill Doe's oldest brother, who allegedly would have been attending an MVES end-of-year program in May 2015, is no longer attending school in the District.

Mauldin Elementary and Beck Academy have never used Turner Chapel for end-of-year programs, and, by all the evidence of record, never will. (Beltran Aff. ¶ 4; Meisten Aff. ¶ 3.)  The plaintiffs have offered no evidence that their current schools use outside facilities of any kind for end-of-year programs.  Future injunctive relief is unnecessary to protect them from having to attend an end-of-year graduation at the chapel, therefore.  And, there is no "reasonable expectation that the same complaining party," the

-3-

Doe plaintiffs, will be subjected to the same action again. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1113 (3d Cir. 1992). The circumstances are simply not capable of any likely repetition.

The plaintiffs contend that, even still, a theoretical possibility that other schools the Does may attend, such as J.L. Mann, Southside High, Wade Hampton High, and Mauldin Middle, will elect to start using the chapel. This is no more than a guess. It is not an "expectation" grounded in any evidence, "reasonable" or otherwise. The Court cannot boot-strap standing with imaginative speculation or the mere chance that it could happen. There is simply no actual evidentiary indication that it ever would – proposed plans, dissatisfaction with current location, etc. The Court would take judicial notice that these are schools not even proximately located to the North Greenville University campus, although that fact if, of course, not determinative.

The plaintiffs argue, however, that even if the injunction claim against the chapel policy is mooted by their relocation, they would still have standing because Jane Doe is a municipal taxpayer in the District. A "municipal taxpayer has standing to challenge a violation of the Establishment Clause by a municipality when the taxpayer is a resident who can establish that tax expenditures were used for the offensive practice." *Pelphrey v. Cobb Cnty.*, 547 F.3d 1263, 1280 (11th Cir. 2008). Both parties agree, however, that a plaintiff's status as a municipal taxpayer is irrelevant for standing purposes if no tax money is spent on the allegedly unconstitutional activity. *See American Civil Liberties Union v. City of St. Charles*, 794 F.2d 265, 267 (7th Cir. 1986); *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1470 (7th Cir. 1988) (finding no standing to challenge Ten Commandments park display where no allegations of taxpayer status or evidence of use of tax revenues to support display); *Doe v. Duncanville Indep. Sch. Dist.*, 70 F.3d 402, 408 (5th Cir. 1995)

(finding no taxpayer standing to challenge distribution of Bibles by Gideons because no tax revenues spent on the challenged practice); *ACLU-NJ v. Twp. of Wall*, 246 F.3d 258, 262 (3d Cir. 2001) (finding no evidence Nativity display supported by tax revenues); *Gonzales v. North Township of Lake County*, 4 F.3d 1412, 1416 (7th Cir.1993) (finding no evidence tax revenues spent to support donated crucifix statue); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 795 (9th Cir. 1999) (finding no evidence tax revenues spent for graduation were spent for purpose of including prayer and thus, no taxpayer standing to challenge future prayers).

The plaintiff has put forward evidence that at least $229 was expended on the 2012 ceremony at the Turner Chapel. (ECF No. 84-11 at 22.)  The plaintiff contends that *de minimus* expenditures may justify municipal taxpayer standing. *See Pelphrey*, 547 F.3d at 1267, 1281 ("the County expend[ed] municipal funds, in the form of materials and personnel time"); *Newman v. City of East Point*, 181 F. Supp. 2d 1374, 1377-78 (N.D. Ga. 2002) (finding that taxpayer funds "were used to print the flyers and that they were distributed by the Defendants").

But, the defendant has responded with evidence that local taxes were not the source of such funds and that the monies came from MVES's school based account that is derived from non-tax revenue sources, such as the school's after-school program, drink machine profits, and community donations. (Tate Aff. ¶ 5.)  There is evidence that the funds for the 2014 program came from the same source. *Id.* ¶¶ 5-6.  This evidence has not been sur-replied and remains undisputed.  The plaintiffs have not offered any evidence that any proposed graduation at Turner Chapel will require taxpayer funds. Accordingly, there is no basis to conclude that the plaintiffs have standing as mere taxpayers to prosecute the chapel policy claim.  *See Zielke*, 845 F.2d at 1470. It is dismissed.

-6-

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for summary judgment is DENIED as to their request to enjoin any use of the Turner Chapel for graduation by schools in the defendant's school district. (ECF No. 84). The claim is moot as to the plaintiffs, without any reasonable expectation of future injury, and they lack standing to prosecute the claim as taxpayers. The defendant's cross motion for summary judgment, therefore, is GRANTED with respect to the chapel claim. (ECF No. 89.) The Court will consider these motions as they concern the plaintiffs' prayer policy claim, in a separate order.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

May 11, 2015
Greenville, South Carolina