**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1574

AMERICAN HUMANIST ASSOCIATION; JOHN DOE and JANE DOE, as parents and next friends of their minor child; JILL DOE,

        Plaintiffs - Appellants,

    v.

GREENVILLE COUNTY SCHOOL DISTRICT,

        Defendant – Appellee,

and

BURKE ROYSTER, in his individual capacity; JENNIFER GIBSON, in her individual capacity,

        Defendants,

-------------------------

SOUTH CAROLINA DEPARTMENT OF EDUCATION; SENATOR GEORGE E. "CHIP" CAMPSEN, III

        Amici Supporting Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Bruce H. Hendricks, District Judge. (6:13-cv-02471-BHH)

Argued: May 10, 2016                  Decided: June 21, 2016

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Dismissed in part, vacated in part, and remanded with instructions by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Shedd and Judge Duncan joined.

---

**ARGUED**: Monica Lynn Miller, AMERICAN HUMANIST ASSOCIATION, Washington, D.C., for Appellants. Thomas Kennedy Barlow, CHILDS & HALLIGAN, P.A., Columbia, South Carolina, for Appellee. **ON BRIEF**: Aaron Joel Kozloski, CAPITOL COUNSEL, LLC, Lexington, South Carolina, for Appellants. John M. Reagle, CHILDS & HALLIGAN, P.A., Columbia, South Carolina; R. Douglas Webb, General Counsel, GREENVILLE COUNTY SCHOOL DISTRICT, Greenville, South Carolina, for Appellee. Jeremy D. Tedesco, Scottsdale, Arizona, David A. Cortman, J. Matthew Sharp, Rory T. Gray, ALLIANCE DEFENDING FREEDOM, Lawrenceville, Georgia, for Amicus Senator George E. Campsen III. Miles E. Coleman, Jay T. Thompson, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Amicus South Carolina Department of Education.

---

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Plaintiffs, the American Humanist Association (AHA), AHA members John and Jane Doe, and the Does' daughter Jill, filed this action against the Greenville County South Carolina School District (the school district, or the district), alleging that certain policies and practices of the district violated the Establishment Clause of the First Amendment. The plaintiffs claimed that the school district unlawfully endorsed and promoted religion by its past practices of including school-sponsored prayer at graduation ceremonies and holding those events in Christian-based venues. The plaintiffs also challenged as unconstitutional the district's current policies, which prohibit school-sponsored prayer but allow prayer initiated and led by students, and restrict the appearance of religious iconography when school events are held in religious venues.

With respect to the school district's past practices, the district court held that the past practice of school-sponsored prayer at graduation events was unconstitutional, and the school district does not challenge this holding on appeal. The district court failed to address the school district's past use of religious venues for graduation ceremonies.

With regard to the current policies, the district court held that the revised policy permitting student-initiated prayer

3

at graduation events is constitutional, but declined on the ground of mootness to address the constitutionality of the revised policy concerning the use of religious venues.

After the plaintiffs filed this appeal from the district court's judgment, the school district filed a motion to dismiss the appeal for lack of subject matter jurisdiction based on the Doe family's relocation to another state. For the reasons that follow, we grant in part and deny in part the school district's motion to dismiss the appeal. We vacate a portion of the district court's judgment, and remand the case for further proceedings consistent with this decision.

I.

Since at least 1951, Christian prayers have been included in graduation ceremonies at Mountain View Elementary School (MVES) and at other public schools in the district. On May 30, 2013, Jill Doe, a fifth-grade student at MVES, and her parents attended the school's annual graduation ceremony for fifth graders (the 2013 ceremony). The 2013 ceremony was held in the Turner Chapel at North Greenville University, a Christian institution affiliated with the Southern Baptist Convention. The chapel usually serves as a place of worship, and has a cross affixed to the podium and stained glass windows depicting Christian imagery.

4

During the 2013 ceremony, two students delivered Christian prayers, which were listed on the printed program for the event. MVES school officials had selected the students to deliver the prayers, and had approved the prayers' content.

In June 2013, AHA sent a letter to the school district expressing concern about school sponsorship of sectarian graduation ceremonies. The school district responded in a letter describing two major revisions that it had implemented with regard to its school graduation programs.

In its first policy change, the district represented that it would not prohibit prayers at school events, but explained that any such prayers would be given "under different circumstances" from the 2013 ceremony, namely, that prayers would be permitted "as long as the prayer or message is student-led and initiated and does not create a disturbance to the event" (the revised prayer policy). The second revision directed that if a religious venue would be used for future MVES events, the school district would "ensure that the space . . . is devoid of religious iconography that would lead a reasonable observer to believe that the [d]istrict is endorsing religion" (the revised chapel policy). In addition, the letter stated that the district would "continue to monitor events at [MVES] as well as at other schools to ensure that these policies and practices are adhered to throughout the [d]istrict."

5

In September 2013, the plaintiffs filed suit against the school district, alleging claims under 42 U.S.C. § 1983 for violations of the Establishment Clause.[1] The plaintiffs' allegations included that plaintiff AHA is a membership organization working to preserve the separation of church and state, and that AHA's members included plaintiffs John and Jane Doe and other parents of children who attend schools in the district.

The plaintiffs alleged that at the 2013 ceremony, Jill Doe felt coerced to participate in school-sponsored religious activity. The plaintiffs also alleged that Jill and her siblings wished to attend future graduation ceremonies and school events in the district, but did not want to be subjected to sectarian prayers at events conducted in religious venues. Based on these allegations, the plaintiffs asserted claims for damages, and requested a declaratory judgment that the school district's past practices of endorsing prayers at school events (the past prayer claim) and of holding school events in religious venues (the past chapel claim) violated the Establishment Clause. The plaintiffs also sought a declaration that the revised prayer and chapel policies are unconstitutional

---

[1] The plaintiffs originally named Burke Royster, district superintendent, and Jennifer Gibson, MVES principal, as defendants. However, they later were dismissed from the suit.

6

and requested a permanent injunction prohibiting all prayer at school events (the prospective prayer claim) and barring the use of any religious venue for school events (the prospective chapel claim).

After the parties filed cross motions for summary judgment, the district court issued its decisions.[2] With respect to the past prayer claim, the court concluded that the school district's practice of including prayer at school events, which involved selection of students to deliver the prayers and approval of the content of those prayers, was unconstitutional. The court awarded the plaintiffs $1 in nominal damages for the past prayer claim, but did not address the past chapel claim.

With respect to the prospective prayer claim, the court held in favor of the school district. The court concluded that the revised policy permitting prayer led and initiated by students was constitutional, because the policy had "no religious purpose or effect" and did not "improperly entangle

---

[2] Before filing motions for summary judgment, the plaintiffs moved for a preliminary injunction and to continue to keep their true identities under seal. After a hearing, the district court denied both motions without written order. Am. Humanist Ass'n v. Greenville Cty. Sch. Dist., 571 F. App'x 250 (4th Cir. 2014). Because the court provided no analysis, this Court remanded the case for reconsideration. Id. On remand, the court granted the unopposed motion to proceed anonymously. The court denied the motion for preliminary injunction and allowed the case to proceed to a consideration of the merits before the end of May 2015, when graduations next would take place.

the State with religion." Accordingly, the court declined to grant injunctive relief prohibiting all prayer from future school events in the district.

The court also held in favor of the school district on the prospective chapel claim and denied injunctive relief. During the course of litigation, the Doe family had moved within the school district. Because their children's new schools had not previously used religious venues for school events, the district court concluded that the claim was moot on the ground that the plaintiffs lacked a reasonable expectation of future injury.[3]

After the plaintiffs timely filed this appeal from the district court's judgment, the Doe family moved to Alabama. As a result, the school district filed a motion to dismiss in this Court asserting that the entire appeal is now moot.

II.

Before we can consider the arguments that the plaintiffs raise on appeal, we must address the school district's contention that this appeal is moot. The district argues that because the Doe family moved to Alabama, the plaintiffs no longer have an interest in the outcome of this appeal. Thus,

---

[3] The district court also rejected the plaintiffs' assertion of taxpayer standing.

8

according to the school district, this Court lacks subject matter jurisdiction and is required to dismiss the appeal.

In considering the school district's mootness argument, we first observe that mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only those disputes involving "a case or controversy." Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013) (citation omitted). The case-or-controversy requirement applies to all stages of a case in the federal courts. Id. "It is not enough that a dispute was very much alive when the suit was filed, but the parties must continue to have a particularized, concrete stake in the outcome of the case through all stages of litigation." Id. (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-79 (1990)) (internal quotation marks and alterations omitted).

This requirement is of paramount importance, because courts do not have "authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (citation and quotation marks omitted). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "A change in

9

factual circumstances can moot a case on appeal, such as when . . . an event occurs that makes it impossible for the [appellate] court to grant any effectual relief to the plaintiff." Williams, 716 F.3d at 809.

When a student challenges the constitutionality of school policies, her claims for injunctive relief generally become moot upon her graduation, because she lacks an interest in the future application of school policy. Mellen v. Bunting, 327 F.3d 355, 364 (4th Cir. 2003). However, a student who graduates typically continues to have a live claim for damages against a school for a past constitutional violation. Id. at 365; see Rendelman v. Rouse, 569 F.3d 182, 187 (4th Cir. 2009) (even if a plaintiff's claim for injunctive relief becomes moot, the action is not moot if she may still be entitled to nominal damages).

In the present case, the plaintiffs have asserted claims for both injunctive relief and damages. They argue that the district court erred in entering summary judgment for the school district on the prospective prayer and prospective chapel claims, contending that they were entitled to injunctive relief because the district's revised policies still permit school-sponsored religious activity barred by the Establishment Clause. The plaintiffs also argue that the district court erred in failing to address the past chapel claim, asserting that they were entitled to nominal damages based on the district's

10

unconstitutional use of religious venues for school events. We therefore consider these different claims separately to determine whether live controversies remain on appeal despite the Doe family's move to Alabama.[4]

### A. Claims for Injunctive Relief

We first address the vitality of the plaintiffs' prospective prayer and prospective chapel claims, in which the plaintiffs seek a permanent injunction prohibiting all prayer and use of religious venues for the district's school events. We initially conclude that the Does' interest in such future remedies has been mooted by their move to Alabama. See Mellen, 327 F.3d at 364. Because the Does' children no longer attend school in Greenville County, they will not be subject to injury from implementation of the revised prayer and chapel policies. We therefore grant the school district's motion to dismiss with respect to the prospective prayer and prospective chapel claims brought by the Does.[5]

---

[4] Because the school district did not appeal the court's holding that the district's past practice of permitting school-sponsored prayer at school events was unconstitutional, the past prayer claim is not before us.

[5] We reject the plaintiffs' contention that the Does' prospective prayer and prospective chapel claims are "capable of repetition, yet evading review," qualifying for an exception to the mootness doctrine. See Mellen, 327 F.3d at 364 (explaining that graduated students do not ordinarily qualify for this
(Continued)

11

AHA contends, nevertheless, that it continues to maintain an interest in obtaining injunctive relief based on its representation of other AHA members. In support of its position, AHA filed in this Court affidavits from several current members, who are parents of children attending district schools that have held events at religious venues in which prayers have been recited. Thus, AHA asserts that it retains a live interest in the outcome of the prospective prayer and prospective chapel claims based on its role representing members' interests.

In response, the school district contends that AHA is barred from attempting to establish representational standing on appeal. Citing Summers v. Earth Island Institute, 555 U.S. 488, 498 (2009), the school district argues that to demonstrate standing for purposes of this appeal AHA was required, but failed, to establish that it maintained representational standing at the time of the district court's judgment. The school district therefore argues that we should not consider AHA's submission of new affidavits on appeal, and must dismiss AHA's appeal with respect to the prospective prayer and chapel claims.

---

exception because after graduation, they will not be subjected to the school's policies).

In considering this issue, we observe that a party invoking federal jurisdiction generally bears the burden to establish standing by showing that it suffered an injury that is fairly traceable to the challenged action and that can be redressed by the court's decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). An organization ordinarily can establish standing on behalf of its members when (1) its members "would have standing to sue in [their] own right"; (2) "the organization seeks to protect interests" consistent with "the organization's purpose;" and (3) "neither the claim asserted nor the relief sought requires the participation of individual members in the lawsuit." Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 155 (4th Cir. 2000) (en banc).[6]

In Summers, the plaintiffs, a group of environmental organizations, were unable to establish standing on behalf of their members in the district court, because they could not demonstrate any particularized harm suffered by an organization member. 555 U.S. at 495. The Supreme Court held that, because

---

[6] Generally, plaintiffs can establish standing in Establishment Clause cases when the plaintiffs are "spiritually affronted as a result of direct and unwelcome contact with alleged religious establishment within their community." Moss v. Spartanburg Cty. Sch. Dist. Seven, 683 F.3d 599, 605 (4th Cir. 2012) (citation and quotation marks omitted).

13

the plaintiffs were unable to "me[et] the challenge to their standing at the time of judgment," the plaintiffs "could not remedy the defect retroactively" by supplementing the record with additional evidence. Id. at 495 n.*; see Swanson Grp. Mfg. LLC v. Jewell, 790 F.3d 235, 240-41 (D.C. Cir. 2015) (in determining whether plaintiffs had standing, the court would not consider on appeal supplemental declarations filed after entry of the judgment).

Mindful of these principles, we turn to consider whether AHA established standing at the time of judgment in the district court. We address each claim for injunctive relief separately.

### i. Prospective Prayer Claim

The district court addressed the merits of the plaintiffs' prospective prayer claim. The court held that the revised prayer policy was constitutional and, thus, denied the plaintiffs' request for injunctive relief prohibiting all prayer at school events. The court did not discern, nor did the school district raise, any issue regarding the standing of the Does or of AHA to establish a potential harm based on future application of the revised prayer policy.

At the time of the court's judgment, the Doe children attended schools in the district that previously had endorsed prayer at school events and that were subject to the revised prayer policy. AHA therefore could have "met a challenge to"

14

standing at the time of judgment because AHA showed that at least one of its members, John Doe or Jane Doe, would suffer harm based on the revised prayer policy. See Summers, 555 U.S. at 495 n.*. Because the Doe family did not move to Alabama until after the district court entered judgment in this case, AHA was not required to establish standing before entry of judgment based on the interests of its other members. Accordingly, we hold that AHA is not barred from seeking to establish that it continues to have representational standing to challenge the prospective prayer claim.

We decline, however, to review AHA's supplementary affidavits at this time to determine whether AHA continues to maintain an interest in obtaining injunctive relief based on its representation of other member parents in the district. Instead, because issues of fact arising from those affidavits may require resolution in the first instance, we remand the issue to the district court for jurisdictional discovery. See Nat. Res. Defense Council v. Pena, 147 F.3d 1012, 1024 (D.C. Cir. 1998) (remanding for jurisdictional discovery when an issue arose for the first time on appeal, and the record suggested one manner in which the party "may be able to establish" standing).

For these reasons, we deny the school district's motion to dismiss the prospective prayer claim by AHA. We vacate and remand the portion of the district court's judgment addressing

this claim. On remand, the court should conduct jurisdictional discovery to determine whether AHA currently maintains standing to pursue this claim, based on the interests of its other members. If AHA continues to have a live claim, the court should also consider whether its prior judgment on the prospective prayer claim should be amended in any respect.

### ii. Prospective Chapel Claim

In contrast to the prospective prayer claim, the district court did not address the merits of the prospective chapel claim. The school district asserted at the summary judgment stage that this claim was moot, because the Doe children had enrolled in other schools in Greenville County, and none would be attending MVES. AHA did not attempt at that time to establish standing based on its representation of other member parents.

The district court concluded that the plaintiffs failed to establish a potential injury from application of the revised chapel policy. The court found that (1) the Doe children no longer were enrolled in or would attend MVES in the future, and had moved to schools in the district that had not used Turner Chapel or other religious facilities for school events; and (2) the plaintiffs failed to present evidence that the new schools attended by the Doe children were likely to use such religious facilities in the future. The record before us supports the

16

district court's factual findings and conclusion that the Does failed to establish a likelihood of injury from future application of the revised chapel policy.

Thus, because at the time of the district court's judgment, AHA had not shown that the Does or any other AHA members were likely to suffer injury from application of the revised chapel policy, AHA failed to establish standing in the district court to challenge that policy.[7]  And, under Summers, AHA is barred from remedying this defect on appeal.  See 555 U.S. at 495 n.*. Accordingly, we grant the school district's motion to dismiss AHA's prospective chapel claim.[8]

## B. Claim for Damages

Finally, we address the plaintiffs' past chapel claim.  The plaintiffs argue that the Doe family's move to Alabama does not moot their past injury claim based on the use of Turner Chapel for the 2013 ceremony, because the Does have a continued

---

[7] We also agree with the district court's conclusion that the plaintiffs lacked taxpayer standing.

[8] We do not read the district court's holding of mootness regarding the revised chapel policy as precluding a future constitutional challenge by AHA to that policy upon AHA's demonstration of representational standing.  See S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, 713 F.3d 175, 185 (4th Cir. 2013) ("dismissal for lack of standing – or any other defect in subject matter jurisdiction - must be one without prejudice" under Fed. R. Civ. P. 41(b)).

17

interest in recovering nominal damages for this alleged constitutional violation.

In response, the school district argues generally that this claim is moot, but fails to provide any analysis in support of its argument. Alternatively, the district submits that the claim should be dismissed because the plaintiffs failed to allege a separate claim for nominal damages arising from the use of Turner Chapel in 2013. The school district contends that the plaintiffs instead requested and received nominal damages based on all state-sponsored religious conduct surrounding the 2013 ceremony. We disagree with the school district's argument.

Initially, we conclude that the plaintiffs continue to have an interest in the outcome of the past chapel claim despite the Does' move to Alabama. The plaintiffs' claim for nominal damages based on a prior constitutional violation is not moot because the plaintiffs' injury was complete at the time the violation occurred. See Central Radio v. City of Norfolk, 811 F.3d 625, 632 (4th Cir. 2016).

Distinct from the past prayer claim, the plaintiffs adequately alleged an independent claim for nominal damages based on the district's past practices of using religious venues for school events, including the use of Turner Chapel for the 2013 ceremony. The plaintiffs' complaint included requests for a declaratory judgment with respect to both past practices. The

18

complaint also included a general request for damages or other relief deemed appropriate by the district court.

In their summary judgment pleadings, the plaintiffs requested nominal damages against the school district for violating their rights based both on the prayer policy and the chapel policy in place at the time of the 2013 ceremony. The district court, in awarding the plaintiffs $1 in nominal damages and granting summary judgment in favor of the plaintiffs, stated that the court's decision was based on the past prayer claim. The court made no reference to the past chapel claim in stating its damages award. We therefore conclude that, although the plaintiffs asserted an independent constitutional violation in their past chapel claim, the district court did not award any damages for that claim. Contra Fox v. Bd. of Trs., 42 F.3d 135, 141-42 (2d Cir. 1994) (rejecting claim for nominal damages when no request for monetary damages was made in the complaint).

Based on this record, we deny the school district's motion to dismiss the plaintiffs' past chapel claim. Because the district court failed to address the merits of that claim, we remand for consideration by the district court in the first instance. See Dandridge v. Williams, 397 U.S. 471, 475 n.6 (1970) (when the trial court has expressed no views on a controlling question, it may be appropriate to remand the case

19

rather than address the merits of that question first on appeal).

### III.

In conclusion, regarding the prospective prayer claim, we grant the school district's motion to dismiss the appeal with respect to the Does, and deny the motion to dismiss the appeal with respect to AHA. We vacate and remand for jurisdictional discovery on this claim, and for amendment of the court's prior judgment if necessary.

Regarding the prospective chapel claim, we dismiss the appeal with respect to all plaintiffs. Finally, regarding the past chapel claim, we deny the school district's motion to dismiss the appeal, and remand for the district court's consideration of the merits of this claim in the first instance.

<u>DISMISSED IN PART;</u>
<u>VACATED IN PART;</u>
<u>REMANDED WITH INSTRUCTIONS</u>
